## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR213 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| TERRY TYLER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motions filed through counsel to reduce his sentence as a result of the recent amendments to the crack cocaine sentencing guidelines and request for an evidentiary hearing (Filing Nos. 169 (pro se), 174 (through counsel)).  Counsel also filed a supporting brief.  (Filing No. 179.)  The government filed a responsive brief.  (Filing No. 178.)  The probation office completed a worksheet that has not yet been filed.

Tyler pleaded guilty to Counts I and III of the Indictment charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (Count I) and criminal forfeiture (Count III).  The plea agreements included the following stipulation:

> The parties agree that you shall be sentenced to 292 months.  In arriving at this calculation, the parties agree that pursuant to Rule 11(c)(1)(C), Fed. R. Crim. Pro., the parties hereby agree that you should be held responsible beyond a reasonable doubt for *more than 1.5 kilograms* of a mixture or substance containing a detectable amount of cocaine base (i.e. "crack cocaine") and, therefore, pursuant to U.S.S.G. §2D1.1, the defendant's base offense level is 38.  Your total offense level is 35 and your criminal history category is VI.

(Filing No. 112, ¶ 8 (emphasis added).)

Tyler's total offense level was 35,[1] and he was placed in Criminal History Category VI. (Filing No. 130 ("PSR").)  His guideline range was 292-365 months imprisonment.  (PSR, ¶ 129.)  The PSR noted that, although Tyler met the definition of a career offender under U.S.S.G. § 4B1.1(a), the Chapter 4 enhancement would not be applied, because his offense level of 38 was higher than the enhancement level of 37.  (PSR, ¶ 36.)  The Honorable Thomas M. Shanahan accepted the plea agreement and sentenced Tyler to 292 months imprisonment and 5 years supervised release.  (Filing No. 122.)  Tyler filed a direct appeal; however, the Eighth Circuit Court of appeals granted the government's motion to dismiss the appeal.  (Filing No. 146.)   Tyler filed a motion under 28 U.S.C. § 2255; however, Tyler's motion to dismiss his § 2255 motion was granted.  (Filing No. 156.)  Tyler then filed a pro se motion for a reduction in his sentence due to the recent amendments to the crack cocaine sentencing guidelines.  (Filing No. 169.)  Counsel was appointed (Filing No. 170) and filed a motion and supporting brief (Filing Nos. 174, 179).  The government filed a response to the motions.  (Filing No. 178.)

Tyler seeks a downward adjustment under the new crack cocaine guidelines.  Under the amended crack cocaine guidelines, the amount of crack cocaine agreed upon by the parties in the Rule 11(c)(1)(C) plea agreement could place Tyler within base offense levels 36 (at least 1.5 but less than 4.5 kilograms) or 38 (4.5 kilograms or more).  Because the language in the plea agreement did not place an upper limit on the amount of crack cocaine

---

[1]The 2003 edition of the guidelines manual was used at sentencing, which assigned base level 38 for a quantity of 1.5 kilograms or more of cocaine base.  The PSR determined that Tyler was responsible for approximately 5.26 kilograms of crack cocaine which, according to the 2003 edition of the guidelines manual, placed him at base offense level 38.

attributable to Tyler, neither party objected to any portion of the PSR in which drug quantity was discussed, and nothing in the record provides the Court with any basis to limit the amount of crack cocaine to less than 4.5 kilograms of crack cocaine, the Court cannot now arbitrarily place a limit of less than 4.5 kilograms on the quantity.

Tyler met the definition of a career offender under U.S.S.G. § 4B1.1(a).  He was sentenced as a career offender; however, the career offender enhancement was not applied in accordance with the career offender guideline, § 4B1.1(b).  The Eighth Circuit has stated that a career offender's base offense level is determined under U.S.S.G. § 4B1.1 and not U.S.S.G. § 2D1.1.  The sentencing commission lowered the levels under § 2D1.1(c) and did not amend § 4B1.1.  *United States v. Tingle,* 524 F.3d 839, 840 (8th Cir.), *cert. denied,* 129 S. Ct. 473 (2008).

IT IS ORDERED that the Defendant's motions to reduce his sentence as a result of the recent amendments to the crack cocaine sentencing guidelines (Filing Nos. 169, 174) are denied.

DATED this 1st day of April, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge