# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 8:02CR213** |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| vs. ) | **AND ORDER** |
| ) | |
| **TERRY TYLER,** ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Defendant's pro se Motion to Reduce Sentence (Filing No. 229) and the Defendant's Motion for Sentence Reduction (Filing No. 239). Having reviewed the 2014 Drug Retroactive Sentencing Worksheet (Filing No. 235), the Court's Memorandum and Order of April 23, 2012 (Filing No. 220), the controlling opinion in *Freeman v. United States*, 131 S. Ct. 2685, 2695-2700 (2011) (Sotomayor, J. concurring), and the parties' stipulation (Filing No. 240), the Court concludes that Defendant Terry Tyler is eligible for a reduction in sentence pursuant to the 2014 retroactive amendments to the Federal Sentencing Guidelines. The Defendant's total adjusted offense level is 29, and his guideline range for purposes of imprisonment is 151 to 188 months. The Court notes that the government opposes a sentence reduction, based on "public safety issues described in the worksheet." See Stipulation, Filing No. 240.

*But fo*r the wording of the parties' 11(c)(1)(C) plea agreement (Filing No 112) in which the agreed-upon sentence (292 months) was based on a specific total offense level (38) and criminal history category (VI) without reference to the Defendant's career offender status or his eligibility for potential reductions under 18 U.S.C. § 3582(c)(2), and *but for* the *subsequent* Supreme Court decision in *Freeman*, Tyler would not have been eligible for

a sentence reduction in 2012 pursuant to earlier retroactive guideline reductions, providing him with the benefit of his current sentence of 188 months, nor would he be eligible for a further reduction now.

The worksheet (Filing No. 235) indicates that Tyler has had several disciplinary actions while confined within the Bureau of Prisons. Incidents leading to discipline began in April 2005, with the latest imposed on December 31, 2014, resulting in a forfeiture of good time.

The undersigned was not the sentencing judge in this case. The record of sentencing proceedings reflects the fact that the Honorable Thomas Shanahan accepted the plea agreement after accepting the Presentence Investigation Report, and noting that the 11(c)(1)(C) plea agreement provided for an agreed-upon sentence of 292 months, at the low end of the guideline range. It can be inferred that Judge Shanahan consulted the Presentence Investigation Report when determining whether to accept the plea agreement, and that he may not have accepted a stipulated sentence substantially outside the guideline range. (The Defendant's Presentence Investigation Report (Filing No. 130) reflects the Defendant's lengthy and serious criminal history. Beginning at age 13 and until the time of his sentencing for the underlying offense on July 28, 2004, at age 27, he had 58 arrests for 124 charges, resulting in 66 convictions, including sexual assault of a child, and spent several years in prison. At the time of sentencing for the underlying offense, he had 22 countable criminal history points, and was categorized as a career offender.)

By virtue of this Court's Memorandum and Order of April 23, 2012, applying Justice Sotomayor's decision in *Freeman*, the Defendant received the benefit of a sentence of 188 months. That sentence is 104 months below the parties' stipulated sentence, and a far

shorter term than his status as a career offender would permit if that status could be taken into consideration. While the Defendant is *eligible* for a further reduction of his sentence under the 2014 retroactive amendments to the Guidelines, he has no *entitlement* to such a reduction. This Court concludes that a lesser sentence would contradict all the 18 U.S.C. § 3553(a) factors, particularly public safety. It is also noted that the Defendant's current sentence, 188 months, is within the newly calculated guideline, following the 2014 retroactive amendments.

The Defendant has been a regular correspondent with chambers, sharing with the undersigned his progress in correctional programming. He is encouraged to continue to participate in beneficial programming, including prerelease services as they become available to him.

Accordingly,

IT IS ORDERED:

1. The parties' Stipulation (Filing No. 240) is adopted;

2. The Defendant's Motion for Sentence Reduction (Filing No. 239) is denied;

3. The Defendant's pro se Motion to Reduce Sentence (Filing No. 229) is denied as moot; and

4. The Clerk of Court is ordered to mail a copy of this order to the Defendant at his last known address.

DATED this day of 18th day of May, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge