IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:02CR213** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **TERRY TYLER,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Filing No. 244, titled by the Defendant, Terry Tyler, as a Motion for relief pursuant to 28 U.S.C. § 994(a), which appears in the above-captioned docket as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"). The filing references the Supreme Court decision, *Johnson v. United States*, 135 S. Ct. 2551 (2015), and it appears that the Defendant seeks a reduction in his sentence based on that decision. Also before the Court is a Motion to Withdraw (Filing No. 251) filed by the Federal Public Defender. In the motion, the Federal Public Defender states he has reviewed the Defendant's prior convictions and the Defendant had a prior drug trafficking conviction, and a sexual-assault-of-a-child conviction, which remains a crime of violence involving use of force following *Johnson*.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The Court has reviewed the filings in this case and notes that the Defendant was sentenced on July 28, 2004, pursuant to a Rule 11(c)(1)(C) plea agreement to 292 months by the late Judge Thomas M. Shanahan, for conspiracy to distribute and possession with intent to distribute crack cocaine.  The Defendant had at least two prior felony convictions for crimes of violence and/or controlled substance trafficking at the time of his sentencing in 2004.  His Total Offense Level was 35 and he was categorized as a career offender. On February 16, 2007, this case was reassigned to the undersigned.  Since that time several motions and appeals have been filed on the Defendant's behalf.  On April 23, 2012, an order was issued regarding the Defendant's motion to reduce his sentence under the 2011 Crack Cocaine Guideline Amendment and his sentence was reduced from 292 months to 188 months.  On May 18, 2015, the Defendant's motions to reduce his sentence pursuant to USSC Amendment 782 were denied because a lesser sentence would contradict 18 U.S.C. § 3553 (a) factors, particularly public safety.  With regards to the Defendant's pending motion, the Federal Public Defender has concluded that the *Johnson case* has no application, and this Court agrees. Accordingly,

IT IS ORDERED:

1. That the Court has completed initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 244);

2. The Court summarily dismisses the Defendant's § 2255 Motion;

3. A separate Judgment will be issued denying the § 2255 Motion;

4. The Motion to Withdraw (Filing No. 251) filed by the Federal Public Defender is granted; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 23rd day of September, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge